IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIE M. ALEXANDER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Case No. 4:10-cv-01207-NKL<br>Crim. Case No. 4:09-cr-00226-NKL-1 |

ORDER

Before the Court is Willie M. Alexander's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. # 1]. For the following reasons, the Court DENIES the motion.

On March 1, 1999, an indictment issued charging Alexander with armed robbery and use of a firearm in relation to a crime of violence. On April 8, 1999, Alexander entered pleas of guilty to the indictment as charged. On July 23, 1999, Alexander was sentenced to a term of incarceration of 70 months on the armed robbery count, and a consecutive term of 30 months on the firearm count. After his incarceration, he was placed on supervised release.

On December 8, 2006, Alexander was sentenced to 34 months of imprisonment and 36 months of supervised release for escaping a halfway house while serving his sentence for the armed robbery and firearm convictions. His escape consisted of

1

informing the halfway house staff that he was turning himself in to the United States Marshal Service and leaving the building on May 15, 2006. He was not seen again until his arrest on May 26, 2006. [Doc. # 25, Case No. 4:06-cr-00161-RP-RAW, S.D. Iowa].

On June 25, 2009, the United States filed its motion to revoke supervised release as a result of a rape committed by Alexander. On December 4, 2009, Alexander admitted to this Grade A violation. The Court revoked his supervised release and ordered him imprisoned for a total sentence of seven years: 36 months in relation to the armed robbery count, a consecutive term of 24 months in relation to the firearm count, and a consecutive term of 24 months in relation to the escape conviction.

Alexander states that after revoking his supervised release, this Court improperly sentenced him to 24 months' imprisonment for his escape conviction in the Southern District of Iowa. According to Alexander, he had been initially sentenced in Iowa as a career offender because his escape was considered violent under Eighth Circuit law [Doc. # 1, at 4]; however, his escape is not now considered "violent" according to *Chambers v. United States*, 555 U.S. 122 (2009). Using this line of reasoning, Alexander argues that this Court's revocation of his supervised release and consequent sentencing was premised on an inappropriate sentence issued by the district court in the Southern District of Iowa. This is the only argument presented by Alexander in his motion.

Alexander appears to urge the Court that had he been sentenced in Iowa as a non-career offender, he would have been sentenced to only 12-18 months of imprisonment, based on an adjusted offense level of 7 and a criminal history category of V. [Doc. # 7, at

3]. It appears that Alexander argues that due to the reduced sentence he should have received, he should not have been re-sentenced by this Court to 24 months of imprisonment.

Even if Alexander's calculations are accurate and applicable, he would have remained subject to 24-36 months of supervised release following 12-18 months of imprisonment. *See* U.S.S.G. § 5D1.2(a)(2). Thus, even if Alexander were entitled to a shorter term of imprisonment, he would have still been on supervised release for his escape conviction when he violated the terms of that release in 2009. According to 18 U.S.C. § 3583(e)(3), the Court may revoke Alexander's term of supervised release and require Alexander to serve up to 2 years in prison. *Id.* (no more than 2 years in prison for a class D felony). Indeed, the recommended term of imprisonment upon revocation for a Grade A violation and a criminal history category of V is 30-37 months. *See* U.S.S.G. § 7B1.4(a). The Court did not err in sentencing Alexander to 24 months' imprisonment for violating the terms of his supervised release for his escape conviction.

Accordingly, it is hereby

ORDERED that Willie M. Alexander's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 12, 2011  
Kansas City, Missouri